UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. THOMAS,<br>    Plaintiff,<br>v.<br>KELLY SANTORO,<br>    Defendant. | Case No.  16-cv-05646-KAW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner Mark R. Thomas, a California prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. Petitioner claims that trial counsel rendered ineffective assistance of counsel by failing to challenge the State's expert testimony regarding the single-tower methodology to establish the time and location of cellular phone calls, which was used to place Petitioner at the crime scene. (Pet. for Writ of Habeas Corpus at 8, Dkt. No. 1; *see also* Pet. for Writ of Habeas Corpus, Exh. C, Schenk Dec. at ¶¶ 14-18.)

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the application or person detained is not entitled thereto." 28 U.S.C. § 2243. Having reviewed the petition, the Court finds that Petitioner's claims are not vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Court, therefore, orders Respondent to show cause why a writ of habeas corpus should not be granted.

Accordingly:

1. The Clerk shall serve a copy of this order, the petition, and all attachments thereto upon Respondent and Respondent's counsel. The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2. Within 60 days of this order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing § 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file the answer together with (a) a memorandum of points and authorities, (b) the matters defined in Rule 5 of the Rules Governing § 2254 Cases, (c) portions of the trial and appellate record that are relevant to a determination of the issues presented by the petition, and (d) a certificate of service. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer. If Petitioner does not file a traverse, the petition will be deemed submitted and ready for decision 30 days after the date Petitioner is served with Respondent's answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases. If Respondent files such a motion, Petitioner shall serve and file an opposition or statement of non-opposition to the motion within 30 days of receipt of the motion. Respondent shall serve and file a reply within 15 days of receipt of any opposition.

4. The parties shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date Respondent's answer is due.

IT IS SO ORDERED.

Dated: October 19, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge