**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK R. THOMAS,<br><br>   Plaintiff,<br><br>  v.<br><br>KELLY SANTORO,<br><br>   Defendant. | Case No. 16-cv-05646-BLF<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>[Re: ECF 17] |

Before the Court is Petitioner Mark Thomas' motion for evidentiary hearing in support of his habeas petition. Mot., ECF 17. This motion was filed after the Response to Petition for Writ of Habeas Corpus but Petitioner has yet to file his traverse. The Petition for Habeas Corpus seeks relief based on Petitioner's claim of ineffective assistance of counsel by failing to move in limine to exclude the prosecution's wireless phone expert on *Kelly* grounds and failing to call his own experts. Petitioner argues that an examination of the defense trial attorney would be necessary to evaluate his ineffective assistance of counsel claims. *Id.* at 1; Supp. Points and Authorities ("Mem.") 7-8, ECF 17-1. Respondent opposes the motion, contending that the threshold matter under 28 U.S.C. § 2254(d) must first be assessed prior to determining whether an evidentiary hearing is warranted. Opp'n 2, ECF 21. Respondent also points out that Petitioner fails to meet the statutory requirement for an evidentiary hearing, including demonstrating that "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). For the reasons set forth below, the Court DENIES the motion for an evidentiary hearing.

**I. BACKGROUND**

The following facts were undisputed at trial. At around 9:30 p.m. on March 23, 2009, two

men entered a Burger King in San Jose. Mem. 3. Dressed in black "hoodies," wearing dark gloves and masks, the two men displayed handguns and ordered the five employees to open a safe. *Id.* Thereafter, the robbers exited out the front door with money in hand. *Id.* While the robbery was underway, two witnesses in a vehicle observed the robbery taking place inside and followed the robbers as they make their escape. *Id.* One of the witnesses saw the getaway car and contacted a 911 dispatcher, providing information regarding the route, a description of the getaway car, and the license plate number. *Id.* at 4.

When the getaway car entered the ramp leading back onto Lawrence Expressway, it suddenly stopped and the two robbers jumped out and ran into a foliage area adjacent to the ramp. *Id.* Shortly thereafter, the getaway car continued on but the police eventually swarmed around the car and arrested the driver, Ellamae Daigle. *Id.* Following the arrest of Ms. Daigle, officers traveled to the scene where the two robbers exited her vehicle and conducted a manhunt to no avail. *Id.* at 4-5. Petitioner claims he was not one of the robbers. *See id.* at 3.

On December 20, 2011, Petitioner was charged with five counts of second degree robbery. *Id.* at 2. On January 23, 2013, a jury trial commenced in Santa Clara County Superior Court. *Id.*

At trial, Petitioner's cell phone records were introduced, indicating numerous calls before and after the robbery between his cell phone and the telephone numbers for his cousin, Gisiele Thomas, his sister, Mary Magee, and Ms. Daigle, the getaway driver. *Id.* at 5. An expert, Jim Cook, also testified based on his examination of Petitioner's cell phone records. *Id.* Mr. Cook testified that on the day of the robbery, Petitioner was in the area of his residence and Ms. Daigle's residence until 8:03 p.m., and was at the crime scene from 8:45 p.m. through around midnight. *Id.* at 6. He further testified that Petitioner placed four calls to and from Ms. Daigle. *Id.*

On January 31, 2013, the jury returned verdicts of guilty on all counts. *Id.* at 1. On July 1, 2013, Petitioner was sentenced to "125 years to life consecutive to 75 years." *Id.*

Petitioner raised on appeal to the state appellate court the same ineffective assistance of counsel claims made in the instant petition. However, the state appellate court denied him relief in a reasoned decision. Ex. 8 to Response ("Cal. Ct. App. Order"), ECF 15-4. The state court first found that the cell tower tracking technique had been widely accepted and admitted into evidence

in courts throughout the nation at the time of Petitioner's trial in January 2013. *Id.* at 6-7. It then concluded that if the trial counsel reasonably determined that challenging the expert evidence would be futile, his failure to do so would not constitute deficient performance. *Id.* at 7. It further noted that even assuming his trial counsel's performance was deficient, Petitioner failed to show prejudice in light of the other strong evidence in support of the guilty verdict. *Id.* at 8-9.

In support of his federal habeas petition, Petitioner seeks to call the following witnesses at an evidentiary hearing: (1) "his expert witness on historic cell phone record analysis used to locate a particular cell phone at a particular time"; (2) "two criminal defense attorney's [sic] regarding effective cross examination of cell phone tracking experts"; and, (3) his "trial attorney . . . to inquire as to why he did not call a[n] opposing cell phone tracking expert to the stand, why he asked so few cross examination questions, why he did not object to certain assertions by the prosecution expert and what strategy he had to deal with the cell phone location evidence in general." Mot. 2.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under *Cullen v. Pinholster*, habeas review under AEDPA "is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 180-81 (2011). The Ninth Circuit has recognized that *Pinholster* "effectively precludes federal evidentiary hearings" on claims adjudicated on the merits in state court. *Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013); *see also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary

3

hearing *before* it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks and citation omitted).

### III. DISCUSSION

Petitioner presents several arguments in support of his motion for an evidentiary hearing, most of which pertain to the merits of whether his trial counsel was ineffective. First, Petitioner faults his trial counsel for not challenging the qualification of the prosecution's expert witness to testify on cell tower data analysis. Mem. 7. Second, Petitioner contends that having a rebuttal expert witness, which his trial counsel did not call at trial, would have cast reasonable doubt on his guilt. *Id.* at 7-8. According to Petitioner, if counsel properly challenged the prosecution's expert testimony, the remaining evidence would have been insufficient to persuade the jury of a guilty verdict. *Id.* at 10-11.

Respondent contends that this Court should not hold an evidentiary hearing because Petitioner cannot meet the threshold burden of showing that the state court's adjudication of his claims was objectively unreasonable. Opp'n 2-3. Respondent further argues that Petitioner's motion also does not satisfy the standard set forth under 28 U.S.C. § 2254(e)(2). *Id.* at 4. According to Respondent, Petitioner has made no attempt to "show that he has not failed to develop the factual basis of the claim in state courts." *Id.* at 5. Specifically, Respondent avers that Petitioner fails to demonstrate "diligence" in developing the record in state court. *Id.*

A district court's ability to conduct an evidentiary hearing was severely cabined by the Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011); *see, e.g.*, *Hill v. Sheldon*, No. 11-2603, 2014 WL 700024, at *19 (N.D. Ohio Feb. 21, 2014) (noting that *Pinholster* "greatly limits the circumstances where any federal evidentiary hearing would be warranted"); *Quezada v. Scribner*, No. 04-7532, 2011 WL 3652245 (C.D. Cal. Aug. 19, 2011) ("*Pinholster*'s limitation on evidentiary hearings has consequences for discovery in habeas cases."). In *Pinholster*, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. The Supreme Court noted that it would "be strange to ask federal courts to analyze whether a state

4

court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* at 1399.[1] Accordingly, after *Pinholster*, for claims that were adjudicated on the merits in the state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d). This effectively precludes federal evidentiary hearings for such claims because the evidence adduced during habeas proceedings in federal court could not be considered in evaluating whether the claim meets the requirements of § 2254(d). *Gulbrandson*, 738 F.3d at 993–94 (citation omitted); *see also Martin v. Allison*, No. 11-0870, 2014 WL 3058442 (E.D. Cal. July 3, 2014) ("[E]videntiary hearings are not granted unless it can be determined from the existing record that the California courts acted [] unreasonably in arriving at the determination on a legal or mixed fact/legal issue").

"An evidentiary hearing may be appropriate after *Pinholster* only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014). If such a determination is made, an evidentiary hearing may be conducted to determine whether a petitioner has demonstrated a constitutional violation (without giving any deference at that point to the state court decision). *See Pinholster*, 131 S. Ct. at 1411 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end.") (quoting 28 U.S.C. § 2254(d)). There may be an exception to *Pinholster* where the state court did not reject the petitioner's claims on the merits, but instead relied upon a state procedural bar that is either not independent or adequate or otherwise was excused. *Grecu*, 2014 WL 5395783, at *17 (citation omitted).

Here, however, the state court reached the merits of Petitioner's claims. Cal. Ct. App. Order. *Pinholster* thus does not permit an evidentiary hearing absent the showing discussed above. *See Gulbrandson*, 738 F.3d at 993 ("Thus, for claims that were adjudicated on the merits

---

[1] Similarly, by its express terms, review under § 2254(d)(2) is also limited to the record before the state court.

5

in state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d)"). Accordingly, an evidentiary hearing is not warranted until and unless Petitioner makes a threshold showing that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it. *Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir. 2005) (noting that until the petitioner can satisfy an exception to 28 U.S.C. § 2254(d), the petitioner is not entitled to an evidentiary hearing on the merits of his claims).

As noted by Respondent, Petitioner bears a heavy burden to show that his ineffective assistance of counsel claims meet the § 2254(d) requirements, in light of the doubly-deferential standard under AEDPA and the *Strickland* standard of review. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); Opp'n 3. In the motion for evidentiary hearing, Petitioner fails to address how he has met the § 2254(d) threshold showing as required in *Pinholster* – that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it. Accordingly, the Court denies the motion for an evidentiary hearing on the basis that Petitioner has yet to show that 28 U.S.C. § 2254(d) applies.

Petitioner's motion for an evidentiary hearing is not warranted on the additional basis that he has not demonstrated that he has met the statutory requirements set forth in 28 U.S.C. § 2254(e)(2).

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In accordance with the statutory requirement, Petitioner needs to first demonstrate that his failure to develop the factual basis of a claim in State court proceedings is excused under the express exceptions set forth in § 2254(e)(2)(A)(i) or (ii) and (B). The Supreme Court has interpreted "failed" to mean "lack of diligence or some other fault." *Williams v. Taylor*, 529 U.S. 420, 434 (2000). This Petitioner neglects to address in his motion. Nowhere in Petitioner's motion or the attached exhibits does he show that he made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court, that he made a request for evidentiary hearing that the state court denied, or that the efforts to discover the facts now sought by Petitioner would have been in vain. *See* § 2254(e)(2)(A)(ii); *Williams*, 529 U.S. at 435. Next, Petitioner also fails to show that the requested hearing intends to establish a "factual predicate that could not have been previously discovered through the exercise of due diligence."[2] § 2254(e)(2)(A)(ii); *see Henry v. Ryan*, 720 F.3d 1073, 1085 (9th Cir. 2013) (affirming the denial of an evidentiary hearing because "the facts underlying [the petitioner's] claim could have been previously discovered through diligence on [his] part"). Moreover, Petitioner seeks to establish facts through an evidentiary hearing merely to bolster the same factual bases for his ineffective assistance of counsel claims submitted to the state court. Cal. Ct. App. Order 6. Such facts cannot constitute a different factual predicate "that could not have been previously discovered through the exercise of due diligence." *See Williams*, 529 U.S. at 436 (noting that § 2254(e)(2) provides petitioners an opportunity to obtain an evidentiary hearing where the legal or factual basis of the claims did not exist at the time of state-court proceedings). Petitioner also has not put forth a convincing claim of innocence as required by the statute. *Id.* § 2254(e)(2)(B).

Given that Petitioner fails to meet his burden in showing that an evidentiary hearing is warranted at this stage, the Court DENIES his motion.

**IV. ORDER**

For the foregoing reasons, the Court DENIES the motion for an evidentiary hearing.

---

[2] Petitioner does not allege that there is now a new rule of constitutional law made retroactive that was previously unavailable to Petitioner.

7

Dated: May 31, 2017

_____
BETH LABSON FREEMAN
United States District Judge